**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT COVINGTON**
**CIVIL CASE NO: 04-176-WOB**

Eastern District of Kentucky
**FILED**

**JUN 1 0 2005**

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**MICHAEL D. WOOSLEY, et al.,**                                      **PLAINTIFFS,**

**V.**

**THE MARLIN FIREARMS CO., et al.,**                                **DEFENDANTS**

## MEMORANDUM ORDER

On May 16, 2005, plaintiffs moved for a protective order to prevent defendants from

obtaining discovery relating to the pending criminal case against plaintiff Michael D. Woosley, in

*Commonwealth v. Michael D. Woosley*, Boone Circuit Court Case No. 05-CR-36.[1]  The

discovery is relevant because the state criminal charges against plaintiff Michael D. Woosley

arise out of the same transaction which forms the basis of plaintiff's civil complaint.   No

criminal charges have been levied against plaintiff Candy June Woosley, or against plaintiff

Austin Woosley.

Plaintiffs seek to preclude the defendants from obtaining documents provided to

Michael Woosley's criminal defense attorney by the Commonwealth Attorney, pursuant to an

Agreed Discovery Order in the state criminal case.  The defendants herein, The Marlin Firearms

Company, Dick's Sporting Goods, Inc., Dick's Clothing and Sporting Goods, Inc. and Dick's

---

[1] In addition to plaintiffs' motion, on June 9, 2005 Michael D. Woosley's criminal defense
attorney filed a motion to quash a subpoena issued for the records in his possession, "on the basis
that it requests the disclosure of certain items that are critical to Woosley's criminal defense."
Assuming that the arguments in support of and in opposition to the motion to quash would not
differ substantially from the arguments presented by the parties in the context of the fully briefed
motion for a protective order, the court will rule on the motion to quash without awaiting the
expiration of the normal response period.

Clothing and Sporting Goods of Kentucky, Inc. (hereinafter "Marlin and Dick's"), previously moved for disclosure of the same documents in state court. On April 22, 2005, presiding Boone Circuit Court Judge Billingsley sustained Marlin and Dick's motion for disclosure. In dictum, the state court noted that if the Woosleys sought to protect the documents from disclosure in federal court, they would have to file a motion for a protective order in this court. Plaintiffs' present motion urges this federal court to grant a protective order to prevent "annoyance, embarrassment and oppression" to plaintiffs as well as potential prejudice to Michael D. Woosley's criminal and civil actions.

Marlin and Dick's have separately opposed plaintiffs' motion, on the basis that the material is not privileged, and/or that any privilege was waived by disclosure from the prosecutor's office to plaintiff's criminal defense attorney. The Boone County Commonwealth Attorney did not object in state court to Marlin and Dick's motion for access to the information, which includes documentation like laboratory results from ballistics testing, photographs, packaging material, sales material, witness statements, a 911 telephone call, and grand jury transcript. Defendants argue that plaintiffs have failed to demonstrate how the production of documentation turned over to Michael Woosley's criminal defense attorney would annoy, embarrass, oppress or unduly burden plaintiffs. Given the centrality of the otherwise discoverable and relevant information to this civil litigation, defendants argue that plaintiffs have failed to carry their burden to show entitlement to a protective order.

In a reply memorandum to Dick's response, plaintiffs explain that they seek to avoid dissemination of documents containing what plaintiffs believe to be inaccurate and unsubstantiated claims and assertions, particularly in light of local press coverage of both this civil and related criminal litigation. Michael Woosley argues that dissemination of the

information could taint any future jury pool.   In a second reply memorandum to Marlin's response, plaintiffs add that they "have no objection to the general production of the documents [such as]...documentation and packaging of the subject firearm sales material(s) related to the purchase of the subject firearm, recordings of the subject 911 telephone call(s), witness statements, and photographs of the Plaintiff or his vehicle. . .."

Marlin has filed a surreply in which that defendant indicates it has "no objection to limiting disclosure of the information and documentation to the parties hereto and their legal [sic] and those assisting the civil defendants in their defense of this action." This court concludes that the interests of both parties are best served through disclosure of the information, with disclosure limited to those parties connected to this litigation.

Accordingly, **IT IS ORDERED THAT:**

1. The motion of plaintiffs for a protective order [DE #29] is **granted in part**;

2. The plaintiffs shall be required to disclose the requested information, but disclosure shall be conditioned on the defendants limiting their use of the discovery to the defense of this civil litigation.  Until the parallel criminal case against Michael Woosley has been concluded in state court, no party or their representative may disseminate said material, information or documentation to the general public, the press, or to any person or entity not having direct involvement with this litigation;

3. The Marlin Firearms Company's motion to withdraw their previously filed motion to compel [DE #35] is **granted**, and the referenced motion to compel [DE #30] is **denied as moot;**

4. The motion to quash filed by criminal defense attorney Timothy Schneider [DE #39] is also **denied as moot**.

This __/ 0__ day of June, 2005.

J. GREGORY WEHRMAN
UNITED STATES MAGISTRATE JUDGE